BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
ALYSON A. BERG
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CV-01686-AWI-GSA |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED AT 11150 E. CALIFORNIA AVENUE, SANGER, FRESNO COUNTY, CALIFORNIA, ALSO KNOWN AS 745 S. INDIANOLA, SANGER, FRESNO COUNTY, CALIFORNIA, APN: 314-062-17, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED AT 890 S. ARMSTRONG AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 313-040-50, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against real properties located at 11150 E. California Avenue, Sanger, Fresno County, California, also known as 745 S. Indianola, Sanger, Fresno County, California, APN: 314-062-17, more fully described in Exhibit A attached hereto, and 890 S. Armstrong Avenue, Fresno, Fresno County, California, APN: 313-040-50, more fully described in Exhibit B attached hereto (hereafter "the defendant properties").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on October 6, 2011, alleging that said defendant properties are subject to forfeiture to the United States pursuant to 218 U.S.C. § 881(a)(7).

3. On November 8, 2011, the defendant properties were posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on November 27, 2011, for at least 30 consecutive days, the United States published Notice of Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on December 27, 2011.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals :

   a. Goon Pattanumotana
   b. Somluck Pattanumotana
   c. Damrong Pattanumotana

6. On November 28, 2011, Goon Pattanumotana filed a claim alleging an ownership interest in the defendant property located at 11150 E. California Avenue, Sanger, California, also known as 745 S. Indianola Avenue, Sanger, California, APN: 314-062-17.  On November 28, 2011, claimants Damrong Pattanumotana, Somluck Pattanumotana, Goon Pattanumotana, Gavin Pattanumotana, Darrin Pattanumotana, and the Pattanumotana Family Limited Partnership filed claims alleging ownership interests in the defendant property located at 890 S. Armstrong Avenue, Fresno, California, APN: 313-040-50.  On January 30, 2012, claimants filed an answer to the Complaint.

7. The recorded owner of the defendant property located at 11150 E. California Avenue, Sanger, California, APN: 314-062-17 is Goon Pattanumotana.  The recorded owner of the defendant property located at 890 S. Armstrong Avenue, Fresno, California, APN: 313-040-50 is the Pattanumotana Family Limited Partnerhsip.

8. No other parties have filed claims or answer in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and

Final Judgment of Forfeiture

2

between the parties to this action.

8. That judgment is hereby entered against Goon Pattanumotana, Somluck Pattanumotana, Damrong Pattanumotana, Gavin Pattanumotana, Darrin Pattanumotana, the Pattanumotana Family Limited Partnership (collectively "the claimants"), and all other potential claimants who have not filed claims in this action.

9. Claimants agree to pay the United States the sum of $120,000.00 as the substitute *res* in lieu of forfeiting the defendant properties.

10. Claimants shall make payment of the sub *res* as follows: a $40,000.00 payment shall be paid to the United States within thirty (30 days from the entry of the Final Judgment of Forfeiture (the "First Payment"). A second $40,000.00 payment shall be paid to the United States within sixty (60) days of the First Payment (the "Second Payment"). A third and final payment of $40,000.00 shall be paid to the United States within ninety (90) days of the Second Payment (the "Final Payment"). All right, title, and interest in the $120,000.00 shall be substituted for the defendant properties and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

11. Claimants shall make each payment in the form of a cashier's check made payable to the U.S. Marshals Service and delivered to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Each payment must be received on its due date by 5:00 p.m.

12. Within ten (10) days of receipt of the First Payment, the United States shall record a withdrawal of lis pendens against the defendant properties.

13. Upon full payment of the $120,000.00 substitute *res*, the United States shall forego any further action on its own behalf or on behalf of the Fresno County Sheriff's Office, against the defendant properties or against claimants based on the facts alleged in the Complaint.

14. If payments are not made within the times stated above, claimants will be deemed to be in default of this Stipulation and allowed 21 days to make payment in full and cure the default. If the default is not cured within 21 days, the U.S. Marshals Service shall be authorized to sell the defendant properties pursuant to the terms described below in ¶¶ 15-25:

15. All right, title, and interest in the defendant properties shall be forfeited to the United

States pursuant to 21 U.S.C. § 881(a)(7).

16. The U.S. Marshals Service (or a designee) shall list the defendant properties for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant properties.

17. The U.S. Marshals Service shall have the defendant properties appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant properties and structures, buildings, or storage sheds thereon upon 48 hours telephonic notice to claimants' counsel.

18. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

19. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    c. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    d. The seller shall pay any county transfer taxes.

    e. To the United States of America: the sum of $120,000.00.

    f. To claimants, through their attorneys of record, Dowling Aaron Incorporated: all remaining net proceeds from the sale of the defendant properties.[1]

20. Any liens or encumbrances against the defendant properties that appear on record

---

[1] Should a payment be made to claimants pursuant to this section, claimants acknowledge that Federal law requires the Department of Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).

1  subsequent to the recording of the Lis Pendens, and prior to the close of escrow may be paid out of
2  escrow.  The United States may pay any such lien or encumbrance at its sole discretion.
3          21.     The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the
4  buyer.
5          22.     All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer
6  of the defendant properties.
7          23.     Each party shall execute all documents necessary to close escrow, if such signatures are
8  required by the title insurer.
9          24.     Claimants represent that they will not take any action, or cause any other person to take
10 any action, to damage or modify the defendant properties from their present condition or other action that
11 may result in a reduction in value of the defendant properties.
12         25.     Claimants shall remove all personal possessions, and the personal possessions of any
13 former occupant, including all vehicles, furniture, and trash, and will leave the properties clean and in the
14 same state of repair as the properties were on the date they were posted.  Any and all of claimants'
15 personal possessions, and the personal possessions of any former occupant, not removed upon 72 hours'
16 notice by the U.S. Marshals Service will be disposed of by the United States without further notice.
17         26.     The United States and its servants, agents, and employees and all other public entities, their
18 servants, agents, and employees, are released from any and all liability arising out of or in any way
19 connected with the filing of the Complaint and the posting of the defendant property with the Complaint
20 and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated
21 injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant
22 property with the Complaint and Notice of Complaint, as well as to those now known or disclosed.
23 Claimants waived the provisions of California Civil Code § 1542.
24         27.     Each party shall bear his or her own costs and attorney's fees.
25         28.     The U.S. District Court for the Eastern District of California, Hon. Anthony W. Ishii,
26 District Judge, or his successor, shall retain jurisdiction to enforce the terms of this Final Judgment of
27 Forfeiture.
28 ///

CERTIFICATE OF REASONABLE CAUSE

29.     Based upon the allegations set forth in the Verified Complaint for Forfeiture *In Rem* filed on October 6, 2011, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant properties and/or seizure of the sub *res*, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated:   June 16, 2015                              _____
                                                                        SENIOR DISTRICT JUDGE

**Exhibit A**

Real property at 11150 E. California Avenue, Sanger, CA, also known as 745 S. Indianola, Sanger, CA

The Southeast quarter of the Southwest quarter and the East half of the Southwest quarter of the Southwest quarter of Section 9, Township 14 South, Range 22 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Fresno, State of California, according to the Official Plat thereof.

APN: 314-062-17

### Exhibit B
Real property at 890 S. Armstrong Avenue, Fresno, CA

The South half of the Southwest quarter of the Southeast quarter of Section 10, Township 14 South, Range 21 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

APN: 313-040-50